### SCHECKER v. WOOLSEY et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1896.)

1. RECORDS—REMOVAL OF PAPERS FROM FILES—WHEN PROPER.

In an action to declare void, as to plaintiff's judgment, a conveyance by the judgment debtor, there was a stipulation for judgment in plaintiff's favor, unless the debtor made a certain payment by a specified time, a default of payment, and a judgment as stipulated. The debtor afterwards paid the debt, and an order was made discontinuing the action, and canceling the lis pendens. Held, that it was error to order all the papers in the case to be delivered to the grantee, on her application and affidavit that such stipulation was unauthorized by her, and tended to discredit her defense, where they contained no aspersion on her, save that which it was necessary to charge in the complaint, and which did not necessarily affect her character.

2. JUDGMENT—CORRECTION.

Where such order did not recite plaintiff's opposing affidavit, it was error to deny his motion to resettle the order in such respect.

3. SAME.

It was error to grant a motion by such grantee to reform the original order by reciting in it plaintiff's affidavit, and also by incorporating in it a direction that the affidavit should not be filed.

Appeal from special term.

Action by William H. Schecker against Kate T. Woolsey and Edward J. Woolsey to declare a conveyance from defendant Edward to defendant Kate void as to a judgment in favor of plaintiff, and against defendant Edward J. Woolsey, in which there was a judgment for plaintiff. From three certain subsequent orders, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Henry G. Atwater, for appellant.

Benner & Benner, for respondents.

PER CURIAM. The three orders of the special term from which the appeals are taken were made in a single application. The plaintiff, a judgment creditor of the defendant Edward J. Woolsey, brought this action to declare a conveyance from that defendant to the defendant Kate T. Woolsey void as against his judgment. When the cause was brought on for trial, the defendant's counsel entered into a stipulation for judgment in plaintiff's favor, unless the defendant made a certain payment by a specified time. Default having been made in such payment, a decision was rendered on the stipulation, and the decision and the stipulation filed in the office of the clerk. Subsequently the defendant satisfied plaintiff's claim, and an order was made discontinuing the action, and canceling the lis pendens. Thereupon the defendant, on an affidavit that the stipulation was unauthorized by her, and tended to cast discredit on her defense, applied for an order directing that all the papers in the action on file in the clerk's office be taken therefrom, and be delivered to her. This application was granted against the opposition of the plaintiff, and is the first order appealed from. This order did not recite the plaintiff's opposing affidavit. So the plaintiff moved to resettle it in this respect. This motion was denied, and the order denying the motion is the second order appealed from. After this the defendant moved to reform the original order by reciting in it the plaintiff's affidavit, and also by incorporating therein a direction that the affidavit should not be filed. The order granting this motion is the third order appealed from.

Assuming the power of the court to remove its records from the clerk's office, for the purpose of destruction, it is apparent that it is a power to be exercised with the greatest caution, and only in the most exceptional cases. Of course, affidavits and documents not properly part of the records of the court, and filed by mistake, would properly be directed to be removed. So, also, the court should not suffer its records to be used to publish libels, and scandalous accusations wholly irrelevant to the cause should be suppressed. But no such case is presented here. The documents sought to be removed were part of the regular records made in the action. They contained no aspersion on the defendant, save that which it was necessary to charge in the complaint, and that not necessarily affecting her character. The reason assigned as a ground for the removal

is too trivial to justify discussion.    But the dominant consideration is that the papers were entirely germane to the litigation, and contained nothing irrelevant thereto.    In such a case the records should not be destroyed.

The three orders appealed from should be reversed, with $10 costs and disbursements, and the original motion denied, with $10 costs.